## SUPREME COURT.

DANIEL T. CHARLES agt. ANNA LOWENSTEIN and HENRY M.
LOWENSTEIN.

A *judgment* obtained against a *married woman* in an equitable action to enforce
payment out of her separate estate, of a debt arising upon her *guaranty* of the
covenant of a third person, in which she charged her "separate real and personal
estate," can only be enforced *in equity* through a *receiver* in the accustomed
manner. Such a contract of the wife is *not valid at law.*

An *execution* cannot be resorted to, except to enforce a judgment *at law* against a
married woman; and in that case the execution can only reach property in which
she has a *legal estate,* and which is of such a nature as to be liable to levy and
sale under execution in the same manner as if she *were sole.*

*Monroe Special Term, December*, 1862.
MOTION to modify the judgment in this action.

NEWTON & RIPSOM, *for defendants.*
D. B. BEACH, *for plaintiff.*

JAMES C. SMITH, Justice. This is an equitable action,
brought in September, 1861, to enforce payment out of the
separate estate of the defendant Anna Lowenstein, a mar-
ried woman, of a debt arising upon her guaranty to the
plaintiff of the covenant of a third person. By the terms
of the guaranty, which bears date 15th March 1861, and
was executed by her husband as well as herself, Mrs. Low-
enstein expressly charged her "separate real and personal
estate ;" and agreed that the plaintiff might have a lien
thereon for the fulfillment of her undertaking. The cause
was tried at a special term in September, 1862, and decided
in favor of the plaintiff, and he thereupon entered a judg-
ment conforming, in most respects, to the judgment ap-
proved by the court in *Yale* agt. *Dederer* (21 *Barb.* 292).
The defendant now moves to modify the judgment so that
it shall direct : 1, "that the separate property of the de-
fendant Anna, or so much thereof as may be necessary, be

sold by the sheriff of the county where the same is situate, on the execution to be issued on such judgment;" or, 2, " that so much as shall be necessary be sold by the receiver, and that the said Anna be directed to join with such receiver in a conveyance of so much sold, to the purchaser or purchasers on such sales; and that a reference be ordered to some discreet person to ascertain and report what property the said Anna has, real and personal, and what, in his opinion, ought to be first sold to pay said debt, interest and costs." The defendant also moved to suppress the injunction clause contained in said judgment, and for general relief.

In respect to the first branch of the relief asked for, the defendant insists that since the legislation of last session the only mode in which a judgment recovered against a married woman can be enforced against her separate property, is by an execution directed to the sheriff. (*Session Laws* 1862, *p.* 345, § 7; 849, § 12; 850, § 13). I do not concur in this construction of the statutes referred to. I am of the opinion that under their provisions an execution cannot be resorted to, except to enforce a judgment *at law*, against a married woman, and in that case the execution can only reach property in which she has a separate *legal* estate, and which property is of such a nature as that it would be liable to levy and sale under an execution *if she were sole*. If the judgment against her is of an *equitable* nature; if it is to be enforced against her separate *equitable* estate; or if her choses in action or other rights and interests which are not the subject of levy under an execution at law, are sought to be reached, then the aid of a court of equity must be invoked, and the court will act as it is accustomed to do in such cases, through a receiver.

Previously to the act of 1848, " for the more effectual protection of the property of married women," the only separate estates which courts of equity recognized the right of married women to dispose of as if they were *femes*

Charles agt. Lowenstein.

*sole,* were strictly equitable estates. The act of 1848 and the act of 1849 amendatory thereof, having created in the wife a separate *legal* estate, theretofore unknown, it was for a time doubted by many judges whether such estate could be laid hold of by courts of equity in giving relief to creditors against the separate estate.

In the case of *Colvin* agt. *Carrier* (22 *Barb.* 371), after an elaborate examination of the question, it was decided that when the wife has charged her separate estate, a court of equity may enforce the charge against the legal estate created by the statute, as well as against a strictly equitable estate. One of the grounds upon which the decision was put was, that unless such separate legal estate could be reached in *equity,* it would be out of the pale of the law, as the statutes which created it did not allow the wife to make contracts, nor to be sued in courts of law. (*Per* E. D. SMITH, *J., pp.* 383, 384.)

Now, however, under the statutes of 1860 and 1862, many contracts of a married woman are valid *in law* (*Sess. Laws* 1860, *ch.* 90, *p.* 157, § 2; *Barton* agt. *Beer,* 35 *Barb.* 78; *Sess. Laws* 1862, *ch.* 172, *pp.* 343, 344, § 1); and she may be sued in *any* of the courts of the state. (*Id.* § 7.)

To render these provisions effectual, some mode of enforcing a judgment at law against the separate legal estate of a married woman, " in the same manner as if she were sole," is obviously indispensable; and for that purpose alone, as I conceive, the legislature adopted the provisions respecting an execution, which are relied upon by the defendant.

The judgment is conclusive evidence upon this motion, that the contract of the wife, on which the action is brought, was not valid in law, and that the charge thereby created could only be enforced in equity. These views necessarily lead to a denial of the first branch of the motion. The judgment is nevertheless somewhat defective, and should be modified in the following particulars;

*First.*—It should appoint a referee to take an account of the separate estate, both real and personal, of the defendant Anna, and of the income thereof, and the situation and possession thereof, and to report the same to the court.

*Second.*—Instead of directing that in case of deficiency after applying the personal estate to the payment of the plaintiff's claim, the *entire* real estate be transferred to the receiver for that purpose, it should be modified so as to direct that sufficient of the real estate to pay the residuum of the claim be transferred to the receiver.

*Third.*—It should direct that the receiver's sale of personal property be public, and on reasonable notice.

Ordered accordingly, without costs to either party.